## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**JAMES A. LONG**                                                                          **PLAINTIFF**

**V.**                         **CASE NO. 4:20-CV-227-JM-BD**

**ANGIE WILLIAMS and**
**ERIC HIGGINS**                                                         **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.**     **Procedure for Filing Objections:**

This Recommendation has been sent to Judge James M. Moody Jr. Mr. Long may file objections if he disagrees with the findings or conclusions set out in the Recommendation. Objections should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days. If no objections are filed, Judge Moody can adopt this Recommendation without independently reviewing the record. If he does not file objections, Mr. Long may waive any right to appeal questions of fact.

**II.**     **Discussion:**

A.  Background

Mr. Long, a pre-trial detainee at the Pulaski County Detention Facility (Detention Facility), filed this civil rights lawsuit without the help of a lawyer. (Docket entry #2) In his complaint, Mr. Long claims that, in February of 2020, Defendant Williams violated his first amendment rights by opening his privileged legal mail outside his presence.

B.  Standard

Before ordering service of process, federal courts must review prisoner complaints that seek relief from a government entity, officer, or employee. 28 U.S.C. § 1915A(a). After assessing the complaint, the Court must dismiss claims that fail to adequately state claims for relief. 28 U.S.C. § 1915A(b). As explained below, Mr. Long's complaint should not move forward because his allegations, even if true, fail to state federal claims.

C.  Claim against Defendant Williams

In his complaint, Mr. Long alleges that Defendant Williams opened his legal mail on one occasion. Mr. Long did not state, however, whether the letter at issue came from the court or from his attorney. Privileged prisoner mail is limited to mail to or from an inmate's attorney and identified as such. *Jensen v. Klecker*, 648 F.2d 1179, 1182 (8th Cir. 1981).

But even if the mail at issue was privileged prisoner mail, Mr. Long cannot prevail on this claim. There is no constitutional liability for an isolated, inadvertent instance of opening incoming confidential legal mail. To state a claim, there must be evidence of an improper motive or resulting interference with the inmate's right to counsel or access to the courts. *Gardner v. Howard*, 109 F.3d 427, 431 (8th Cir. 1997). Here, Mr. Long does not allege that Defendant Williams opened his mail because of an improper motive. Further, he does not allege that this incident interfered with his ability to access the courts

or that he suffered prejudice as a result of the improperly opened mail. For these reasons, this claim against Defendant Williams should not move forward.[1]

    D. Defendant Higgins

Mr. Long also claims that Defendant Higgins is liable based on his role as Defendant Williams's supervisor. He has not stated a claim for relief against Defendant Higgins. In a case such as this, a supervisor cannot be held liable for the constitutional violations of a subordinate simply because he was the supervisor. *Ashcroft v. Iqbal*, 556 U.S. 662, 676, 129 S. Ct. 1937, 1948 (U.S. 2009); *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010); see also *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§1983] liability"). Instead, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676, 129 S.Ct. at 1948.

A jail supervisor can be held liable for failing to properly supervise subordinates by tacitly authorizing a constitutional violation or by failing to take corrective action in response to such a violation. *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995); *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993). To state a valid failure to supervise claim, a

---

[1] To the extent that Mr. Long claims that Defendant Williams violated Detention Facility policy, this claim also fails. Failing to follow jail policies or procedures is not conduct that rises to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

prisoner must allege that the prisoner supervisor: "(1) received notice of a pattern of unconstitutional acts committed by subordinates; (2) demonstrated deliberated indifference to or tacit authorization of the offensive acts; (3) failed to take sufficient remedial action; and (4) that such failure proximately caused the injury." *Parrish v. Ball*, 594 F.3d 993, 1002 (8th Cir. 2010). Significantly, a "single incident, or series of isolated incidents, usually provides an insufficient basis upon which to assign supervisor liability." *Lenz v. Wade*, 490 F.3d 991, 995-96 (8th Cir. 2007).

Here, Mr. Long does not allege that Defendant Williams engaged in a pattern of opening inmates' legal mail, or that Defendant Griffin knew of such a pattern of misconduct. Accordingly, Mr. Long's claims against Defendant Griffin should not move forward.

## III.   Conclusion:

The Court recommends that Mr. Long's claims be DISMISSED, without prejudice. The Court also recommends that this dismissal constitute a "strike" for purposes of 28 U.S.C. § 1915(g) and that Judge Moody certify that an *in forma pauperis* appeal of this dismissal would be frivolous and would not be taken in good faith.

DATED this 3rd day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE